No. 296

CINCI. GALVANIZING CO. v. MADDEN et al No. 18942. Supreme Court

Motion to direct Hamilton Appeals to certify. Dock. Feb. 5, 1925, 3 Abs. 82.

755. MECHANICS' LIENS—When material is furnished to contractor; in order to have transaction come within mechanics' lien law, is it necessary that an agreement be entered into that said material is to be used for the construction of the particular building?

This case grows out of a contract for plumbing, entered into by the Cincinnati Galvanizing Co. and Edward Black, d. b. a. the E. M. Black Plumbing Co., under which the Galvanizing Co. was to furnish the plumbing for a factory building at a bid price. Willia mMadden was appointed assignee of the Plumbing Co. for benefit of creditors. He brought suit in the Cincinnati Superior Court and alleged that the Plumbing Co. had been notified to discontinue work already commenced on the building of the Galvanizing Co. He alleged that until the time they were put off the job, work, labor, and material were furnished of the value of $1,879.23 and $559.73 was also due them for certain extra work, and that payment of these sums had been refused.

The Galvanizing Co. filed an answer and cross petition, stating that the contract, as set forth by Madden, was correct, but that therein time was of the essence thereof, and that all the work should be done as promptly as possible, and it also reserved the right to cancel said contract for unnecessary delay. The Galvanizing Co. stated that the Plumbing Co. had failed to carry out the contract in regards to doing the work, and had unreasonably and unnecessarily delayed such performance of contract. The Galvanizing Co. averred that it notified the Plumbing Co. three days prior to the cancelling of said contract, of its intention; to do so for said reasons, that it then gave notice that the contract was cancelled and proceeded thereafter to employ other persons to perform, and furnish the work and material.

A jury, in the trial court, was waived, and the court rendered judgment in favor of Mad-

den, finding some of the liens valid and others invalid; and allowing some of the claims in full. A request to the trial court to make a separate finding of its conclusion in law and in fact was refused the Galvanizing Co. It also claimed that a mechanics' lien had been filed by a material man who had furnished material, but who had not agreed with the Plumbing Co. that it was for the plumbing in the building of the Galvanizing Co.

The judgment of the Superior Court was affirmed by the Court of Appeals.

The Galvanizing Co. contends that judgment of Court of Appeals was erroneous in that it found no error in the refusal of the trial court to make a separate finding of fact and law; such refusal being prejudical to its rights.

It declares also that the construction on 8310 GC by the Court of Appeals was erroneous in finding that the material man furnishing material was entitled to a lien. (See Sylabus.)

Attorneys—Monague, Schorr & Renner, for Galvanizing Co.; Wm. F. Madden, L. B. Butterworth and Chas. Broadwell, for Madden; all of Cincinnati.